IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KAON-JABBAR EAST EL,

        Plaintiff,

                       Case No. 3:13-cv-01666

                       OPINION & ORDER

       v.

24 HOUR FITNESS USA, INC.,

        Defendant.

Kaon-Jabbar East El
4788 N. Lombard St. #5
Portland, OR 97203

       Pro se Plaintiff

Daniel L. Boyer
Elizabeth A. Falcone
OGLETREE DEAKINS NASH SMOAK & STEWART P.C.
222 SW Columbia St., Suite 1500
Portland, OR 97210

       Attorneys for Defendant

1 - OPINION & ORDER

HERNANDEZ, District Judge:

Kaon-Jabbar East El filed this action in Multnomah County Circuit Court alleging whistleblower retaliation, wage claim retaliation, failure to pay wages, wrongful discharge, and failure to accommodate under Oregon law.  Defendant 24 Hour Fitness USA, Inc. removed this case based on diversity jurisdiction.  For the reasons that follow, this case is remanded because Defendant fails to establish that the case in controversy exceeds $75,000.

## DISCUSSION

Removal is proper only where the federal courts have original jurisdiction over an action brought in state court.  28 U.S.C. § 1441(a).  Pursuant to 28 U.S.C. § 1332(a), a federal court has original jurisdiction over an action only where the amount in controversy exceeds $75,000 and the action is between parties of diverse citizenship.  Courts "strictly construe . . . [28 U.S.C. § 1441(a)] against removal jurisdiction" and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted).  The party seeking removal bears the burden of establishing federal jurisdiction.  See, e.g., Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999) (citation omitted).  A "plaintiff is master of her complaint and can plead to avoid federal jurisdiction."  Guglielmino v. McKee Foods Corp., 506 F.3d 696, 700 (9th Cir. 2007) (internal quotation marks and citation omitted).  A party removing an action pursuant to 28 U.S.C. § 1332(a) has a particularly heavy burden if the complaint seeks less than the required $75,000 jurisdictional amount in controversy and must prove with "legal certainty" that the jurisdictional amount is met.  Id.; see also Salang v. CarMax Auto Superstores Cal., LLC, No. 13-CV-870 BEN (WVG), 2014 WL 334466, at *2 (S.D. Cal. 2014) ("When a state court complaint

affirmatively alleges that the amount in controversy is less than $75,000, the party seeking removal must prove to a 'legal certainty' that the threshold is met.") (Citations omitted).

Here, Plaintiff's state-court complaint alleges only $42,711.87 in damages. The damages Plaintiff seeks are comprised of emotional distress totaling $40,000, lost wages totaling $155.87, and "penalties" totaling $2,556.00. Defendant contends that because Plaintiff also seeks back pay, front pay, lost benefits, and out-of-pocket expenses, the actual amount in controversy exceeds $75,000. Specifically, Defendant calculates back pay as totaling $26,412 and asserts that once front pay, lost benefits, out-of-pocket expenses, and attorney fees are also included, the amount in controversy exceeds the minimum jurisdictional threshold of $75,000.

Defendant's speculative and conclusory statements fall short of establishing with "legal certainty" that the amount in controversy exceeds $75,000. Defendant provides, at most, that the amount in controversy totals $69,123.87. Indeed, Defendant does not even attempt to provide the court with the damages arising out of Plaintiff's front pay, lost benefits, out-of-pocket expenses, or attorney fees. In short, Defendant fails to meet its burden of establishing with "legal certainty" that the amount in controversy exceeds $75,000.

## CONCLUSION

Based on the foregoing, Defendant fails to establish that this Court has diversity jurisdiction over this matter. Accordingly, this case is dismissed and remanded to state court.

IT IS SO ORDERED.

Dated this 21 day of March, 2014.

_____
MARCO A. HERNANDEZ
United States District Judge

3 - OPINION & ORDER